IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT WILSON,
     Plaintiff,

v.                                                Civil No. 3:23cv83 (DJN)

CAPTAIN BRODERICK LINDSEY,
     Defendant.

## MEMORANDUM OPINION

Vincent Wilson, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1]

Wilson's request to proceed *in forma pauperis*, (ECF No. 2), will be granted.  The matter is

before the Court for evaluation of Wilson's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A.  For the reasons stated below, the action will be DISMISSED.

## I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any

action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to

state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.  The

first standard includes claims based upon "an indisputably meritless legal theory," or claims

where the "factual contentions are clearly baseless."  *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D.

---

[1]     The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes
> to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an action
> at law . . . .

42 U.S.C. § 1983.

Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court accepts a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952 (explaining that the reviewing court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff"). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). A plaintiff cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

2

U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   SUMMARY OF ALLEGATIONS AND CLAIMS

In his Complaint, Wilson names as the sole defendant Captain Broderick Lindsey of the Arlington County Detention Center ("ADC"). (ECF No. 1, at 2.)[2] Wilson contends that Defendant Lindsey placed him on "grievance restriction" and otherwise interfered with his ability to file grievances at the ADC. (*Id.* at 5–9.) Wilson asserts that such actions violated his right to freedom of speech, due process and equal protection. (*Id.* at 1.)

## III.   ANALYSIS

The Court need not engage in an extended discussion of Wilson's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims") (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred

---

[2]   The Court employs the pagination assigned by the CM/ECF docketing system.

by a law of the United States. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). It is well established that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process . . . ." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Doans v. Rice*, 1987 WL 38813, at *1 (4th Cir. Oct. 15, 1987) (citation omitted) ("Because inmate grievance procedures are not constitutionally required in state prison systems, the failure to follow grievance procedures does not give rise to a § 1983 claim."). Accordingly, Wilson's claims that Defendant's interference with Wilson's ability to file grievances violated either his rights under the First Amendment or his due process rights under the Fourteenth Amendment are frivolous and fail to state a claim for relief.

Wilson's equal protection claim is equally toothless. The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim, Wilson must allege facts that indicate: (1) that he and a comparator inmate were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Wilson's equal protection claim fails at the first step, because Wilson fails to identify a comparator inmate who was similarly situated and treated differently. Thus, Wilson fails to allege violation of his right to equal protection.

## IV.   CONCLUSION

Wilson's claims will be DISMISSED as frivolous and for failure to state a claim. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Wilson.

/s/

David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 14, 2023